### No. 6244.

### THE RISING SUN SOCIETY VS. THE RISING SUN BENEVOLENT ASSOCIATION.

The controversy is about the right to a lot of ground in Girod-Street Cemetery, and a tomb therein known as the "Young Rising Son Society Tomb."

Defendant's suit for this property and for recognition of this right was dismissed as of nonsuit by the Superior District Court, and the injunction accompanying the same was dissolved. Defendant subsequently brought suit respecting the same right, without seeking an injunction, in the Sixth District Court.

Thereupon plaintiff brought this suit in the Superior District Court, and enjoined the defendant from proceeding further in the prosecution of said suit in the Sixth District Court.

The judgment perpetuating this injunction was manifestly erroneous. The Superior District Court was utterly without jurisdiction to restrain by injunction the trial of the suit pending in the Sixth District Court. If the defendant in said suit was of opinion that the Sixth District Court was without jurisdiction, his remedy was an exception to the jurisdiction, and on this plea being overruled, the action of the court thereon could be revised by this court on appeal.

The Superior District Court has no appellate or supervisory power over the Sixth District Court.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *C. H. Luzenberg*, for plaintiff and appellee. *D. M. C. Hughes* and *E. C. Kelly*, for defendant and appellant.

WYLY, J. Plaintiff and defendant are corporations organized for charitable and religious purposes by notarial acts under the general law of the State authorizing such corporations.

Each of the contestants claims to be the successor of the "Young Rising Sun Benevolent Society," and as such entitled to a lot of ground in Girod-Street Cemetery, together with a tomb erected thereon known as the "Young Rising Sun Society Tomb."

Defendant's suit for this property and for the recognition of this right, was dismissed as of nonsuit by the Superior District Court, and the injunction accompanying the same was dissolved.

Defendant subsequently brought suit asserting the same rights, without seeking an injunction, in the Sixth District Court.

Thereupon plaintiff brought this suit in the Superior District Court and enjoined the defendant from proceeding further in the prosecution of said suit in the Sixth District Court.

The ground stated for the injunction is that the Sixth District Court was without jurisdiction, because by act No. 2 of the acts of 1872, organizing the Superior District Court, that court has exclusive jurisdiction over all suits in which "any corporation established by act of the General Assembly and domiciled in the parish of Orleans shall be a party." * * * The court perpetuated this injunction and defendant appeals.

The judgment was manifestly erroneous. The Superior District Court was utterly without jurisdiction to restrain by injunction the trial of the suit pending in the Sixth District Court. The right to prosecute a law-suit, whether well founded or not, is a right guaranteed by article ten of the constitution. If the defendant in said suit was of opinion that the Sixth District Court was without jurisdiction, his remedy was an exception to the jurisdiction, and if this plea was overruled, the action of the court thereon could be revised by this court on appeal.

The prosecution of this suit in no manner interfered with any cause pending in the Superior District Court, and that court has no appellate or supervisory power over the Sixth District Court.

It is therefore ordered that the judgment appealed from be annulled, and it is decreed that the injunction herein be dissolved, and plaintiff's suit be dismissed with costs of both courts.